IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:22-CR-0166-DGK-02 |
| CORY BROWN, | ) | |
| Defendant. | ) | |

## RULINGS ON MOTIONS IN LIMINE

Now before the Court are the parties' competing motions in limine, the Government's Motion *In Limine* to Preclude Introduction of Jury Verdict in 19-00315-08-CR-W-DGK, ECF No. 155, and Defendant Cory Brown's Motions *In Limine*, ECF No. 162. For the following reasons, the Government's motion is GRANTED, and Defendant's motion is GRANTED IN PART and DENIED IN PART, with the balance of Defendant's motion taken UNDER ADVISEMENT.

The Court begins with the Government's motion to exclude the jury's verdict finding Defendant not guilty in a previously tried case, case number 19-00315-08-CR-W-DGK ("19-315"). The Government argues: (1) that verdict is irrelevant to this case; (2) any probative value that verdict may have in this case is substantially outweighed by the danger of confusing the issues; and (3) the verdict's introduction is tantamount to a call for jury nullification.

Defendant contends the prosecution in this case was instituted against him only after he was acquitted in the other case. Def.'s Mot. at 2 ("This prosecution was instituted only after Mr. Brown was acquitted in Case No. 19-315."). He argues the prior acquittal is relevant to show bias on the part of the the primary investigating agent in this case, as well as the other twenty-

four law enforcement witnesses in this case. *Id*. He asserts the case agent and other witnesses are retaliating against him because he was the only defendant acquitted in the prior case. *Id*.

Defendant's argument is so meritless it is probably frivolous[1] because it is premised on two obvious mistakes of fact. The first mistake is Defendant's claim that the prosecution in this case was initiated *after* Defendant was acquitted in the 19-315. The grand jury indicted Defendant in this case on July 12, 2022, but Defendant was not acquitted in the 19-315 case until two months later, on September 15, 2022. Thus, it is hard to see how the indictment in this case could have been made in retaliation for Defendant's acquittal in the other case.[2]

The second mistake of fact is Defendant's claim that the decision to indict him in this case was somehow made by the primary case agent, not the assistant U.S. Attorney who sought the indictment or the grand jury who voted to indict him. A primary case agent, or any other law enforcement witness who may testify at trial, simply does not have the power to seek or issue an indictment. So any claim that this case was somehow brought by these law enforcement witnesses to punish Defendant for his earlier acquittal is ridiculous.

Because the verdict in the prior case is irrelevant to this case, the Government's motion is GRANTED.[3] The defense shall not refer to or allude to any of the events in case number 19-315 (including Defendant's acquittal) in the jury's presence at any time in any way without first raising the issue with the Court out of the jury's presence.

The Court now turns to Defendant's motions in limine.

---

[1] The Court reminds defense counsel that zealous advocacy does not include raising frivolous arguments.

[2] In fact, the record in the 19-315 case establishes that before that trial began the Government extended a plea offer to Defendant in which it would dismiss the charges against him in the 19-315 case and he would plead guilty to the gun charge in this case. So it appears the Government always contemplated a prosecution in this case regardless of the outcome in the 19-315 case.

[3] Even if the verdict in the prior case had any probative value to this case, its probative value would be substantially outweighed by the danger of confusing the issues.

Defendant moves to exclude evidence of his arrest warrant issued in the 19-315 case which eventually led to his prosecution here (when at the time of his arrest he was found in proximity to the gun in this case), arguing the warrant is an "implication of a prior bad act by Mr. Brown" and should not be admitted since he was acquitted of the underlying charges. Further, he contends that by introducing the warrant, the Government is opening the door to rebuttal evidence of his acquittal on these charges. Finally, Defendant seeks to exclude any evidence that the Government had recently received a tip that he was in Kansas City to engage in a revenge shooting when he was found and arrested; that the police engaged in a high-speed chase with another suspect; that Defendant was affiliated with the 2-4-6 gang; and that pictures of marijuana found alongside the firearms at the scene of Defendant's arrest should be excluded.

Defendant's arguments with respect to excluding evidence of the warrant are not persuasive. A few references by the Government to the arrest warrant is intrinsic evidence which is permissible, even necessary, in order for the Government to present a coherent narrative explaining why law enforcement officers were trying to take him into custody that day. The Court notes the Government has also stated on the record that it does not intend to introduce the name of the offense for which the arrest warrant was issued, or the facts underlying the offenses charged in the 2019 drug case.[4]

The fact that Defendant was subsequently found not guilty on the underlying charges for which he was arrested is irrelevant, and so Defendant will not be allowed to admit his subsequent acquittal as rebuttal evidence.

---

[4] Related to this, the Court will not allow the Government to delve into other irrelevant issues related to the warrant which risk substantial unfair prejudice to Defendant. For example, the Government will not be permitted to elicit evidence that an unusually large number of officers were involved in the operation to arrest Defendant because he was considered dangerous or because he was on the FBI's most wanted list. The probative value of such evidence is substantially outweighed by the danger of unfair prejudice.

As for the balance of Defendant's motion which seek to exclude evidence that: (1) Defendant was arrested after he had returned to Kansas City to commit a revenge killing; (2) another suspect engaged in a high-speed chase with the police; (3) Defendant is affiliated with the 2-4-6 gang; and (4) pictures of marijuana found at the scene, the Court rules as follows.

The Government has stated it does not intend to offer any evidence Defendant was in Kansas City to commit a revenge killing or that he is affiliated with the 2-4-6 gang, so this portion of the motion is moot.

As for the other evidence, the Government states it intends to offer limited evidence of the high-speed chase to explain why tactical officers decided to approach the residence at 1206 Quail Creek Drive when and how they did. It also intends to offer limited evidence of photographs showing marijuana inside the residence because these photos show the layout of the residence evidence of the car chase and because the Glock firearm at issue is located next to two jars of marijuana on the kitchen counter.

A limited amount of such evidence is admissible to provide a coherent narrative of what happened that day or explain why law enforcement took some subsequent action. The Court, however, cannot make a definitive ruling on the existing record. Accordingly, Defendant's motion is TAKEN UNDER ADVISEMENT with respect to evidence of the car chase and pictures of marijuana.

**IT IS SO ORDERED.**

Date:  March 15, 2023   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT