IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br> Plaintiff,<br><br>vs.<br><br>CORY T. BROWN,<br> Defendant. | Case No. 4:22-cr-00166-DGK-2 |

### RESPONSE TO ORDER TO SHOW CAUSE

  Jonathan Sternberg, Attorney, responds the following to the Court's order to show cause issued on January 9, 2023 (Doc. 241).

  Mr. Sternberg has moved to withdraw as counsel for Defendant Cory Brown (Doc. 240), explaining that under Missouri Supreme Court Rules 4-1.16(a)(1) and 4-1.7(a)(2), as implemented by Local Rule 83.6(c), he must withdraw because his further representation of Mr. Brown will result in a violation of the rules of professional conduct, specifically a representation conflicting with Mr. Sternberg's own interests, which would violate Rule 4-1.16(a)(1). Due to his duty of confidentiality to Mr. Brown under Missouri Supreme Court Rule 4-1.6, and as Comment 3 to Missouri Supreme Court Rule 4-1.16 advises, Mr. Sternberg stated that professional considerations require termination of his representation of Mr. Brown, which statement "ordinarily should be accepted as sufficient." *Id.*

  The Court now has ordered Mr. Sternberg to state in writing "[1] all efforts to identify substitute counsel and [2] what reasons, if any, why [Mr. Brown] would be unable to retain different counsel" (Doc. 241).

  In response to the Court's first question, Mr. Sternberg has not made any personal efforts to identify substitute counsel for Mr. Brown. But there is no requirement that he do so in order to obtain leave to withdraw. To the contrary,

1

while "entry of substitute counsel" *can* be one reason for the good cause necessary for an attorney's leave to withdraw under Local Rule 83.2, the good cause for Mr. Sternberg's withdrawal is that it is mandatory under Missouri Supreme Court Rules 4-1.16(a)(1) and 4-1.7(a)(2), as his motion explains.

While Missouri Supreme Court Rule 4-1.16(d) provides that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests," this does not give the lawyer a duty to find new counsel for the client. Rather, it includes "giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred." *Id.*

Mr. Sternberg has complied with and will continue to comply with all of Missouri Supreme Court Rule 4-1.16(d)'s requirements. Mr. Brown is aware of the circumstances leading to Mr. Sternberg's request to withdraw, and Mr. Sternberg gave him immediate notice of his request to withdraw 27 days before sentencing is set, allowing plenty of time for employment of other counsel. *Cf. In re I.B.*, 48 S.W.3d 91, 97-98 (Mo. App. 2001) (attorney's request to withdraw two weeks before termination of parental rights trial was sufficient notice). If granted leave to withdraw, Mr. Sternberg further will surrender all papers and property to which Mr. Brown is entitled either to Mr. Brown or to any future counsel of his.

In response to the Court's second question, Mr. Sternberg knows of no reason why Mr. Brown would be unable to retain different counsel. The record shows he has been capable of retaining multiple attorneys to represent him in this case despite having been in custody the whole time. Mr. Sternberg is the seventh attorney Mr. Brown has hired in this case. Mr. Brown initially hired Vincent Rivera (Doc. 30), who then was granted leave to withdraw due to a conflict of interest (Doc. 46; Doc. 49). He then hired Lisa Dwyer, Ellen Michaels, and Susan

Dill (Doc. 30; Doc. 32; Doc. 35; Doc. 42), who were granted leave to withdraw due to a breakdown in communications (Doc. 92; Doc. 113; Doc. 121). He then hired Sean Pickett (Doc. 73), who the Court held was disqualified (Doc. 102; Doc. 163). He then hired Michael Belancio only five weeks before trial (Doc. 104; Doc. 145), who he discharged after trial (Doc. 214; Doc. 222). He then hired Mr. Sternberg on July 31, 2023 (Doc. 221), with PSR objections due 28 days later on August 28 (Doc. 220).

Just as Mr. Brown hired Mr. Sternberg and his six prior attorneys, including hiring Mr. Belancio only weeks before trial and Mr. Sternberg only 28 days before PSR objections were due, Mr. Sternberg knows of no reason why Mr. Brown would now be unable to retain different counsel.

To ensure Mr. Brown is apprised of the Court's order to show cause and this response, Mr. Sternberg is serving copies of both on him, per the certificate below.

Respectfully submitted,

*Jonathan Sternberg, Attorney, P.C.*

by /s/Jonathan Sternberg
   Jonathan Sternberg, Mo. #59533
   2323 Grand Boulevard #1100
   Kansas City, Missouri 64108
   (816) 292-7020
   jonathan@sternberg-law.com

COUNSEL FOR DEFENDANT
CORY T. BROWN

Certificate of Service

I certify that on January 10, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent electronic notification of that filing to all parties.

I further certify that on January 10, 2024, I mailed true and accurate copies of both the foregoing and the order to which it responds to Mr. Cory T. Brown, Caldwell County Detention Center, Post Office Box 38, Kingston, Missouri 64650.

/s/Jonathan Sternberg
Attorney